PLEUS, C.J.
The State of Florida appeals from a suppression order. The order concludes that the affidavit which formed the basis for the search warrant was based on stale information and was insufficient to establish probable cause.
The defendant, Francheska Ward, is a co-defendant of Cornelius Paige. The State has separately appealed from a similar suppression order in the Paige prosecution and filed a notice of similar issue in each appeal.
This Court recently reversed the suppression order in that appeal. See State v. Paige, 934 So.2d 595 (Fla. 5th DCA 2006). The decision recites the evidence contained in the affidavit for search warrant and holds that it is sufficient to show “a fair probability that [drug related] contraband would be found at the residence” occupied by Ward and her boyfriend, Paige. The opinion repudiates the trial court’s “staleness” finding, rejecting the court’s determination that the October 8, 2003 search was invalid because it was based on an October 1, 2003 search warrant, and some information (a tip and a trash pull) obtained in July and August, 2003. Rather, this Court explained that passage of time must be considered in the context of the specific facts, including the nature of the unlawful activity alleged and the length of the activity. Because police surveillance continued over several months and reflected persistent drug activity, the staleness claim lost any efficacy.
Ward and Paige are co-defendants and the suppression orders are essentially identical. Accordingly, we reverse.
REVERSED and REMANDED.
GRIFFIN and LAWSON, JJ., concur.